# THE LAW OFFICES OF
## RICHARD B. ROSENTHAL, P.A.

rbr@rosenthalappeals.com

| | |
|---|---|
| MIAMI OFFICE<br>1581 BRICKELL AVENUE<br>SUITE 1408<br>MIAMI, FLORIDA 33129 | SAN FRANCISCO OFFICE<br>5080 PARADISE DRIVE<br>BAYFRONT SUITE<br>TIBURON, CALIFORNIA 94920 |

June 20, 2023

**FILED & SERVED VIA CM/ECF**

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

      *Re:*    Appellees' Supplemental Authority under FRAP 28(j) and
               11th Cir. IOP 6 in *Stansell et al. v. Lopez Bello et al.,* No. 22-13798

Dear Mr. Smith:

      Appellees give notice of Florida Statutes §772.12(6), enacted today (passed unanimously in both Chambers; Governor's signature 6/20/23). The statute applies because these are "postjudgment execution proceedings to enforce a judgment entered under . . . 18 U.S.C. s.2333" and the statute "applies to any judgment collectible under state law and to any civil action pending or filed on or after the effective date of this act." §772.12(6)(a) & (b). To be clear: the new statute *need not be considered at all* for this Court to affirm. Indeed, affirmance is appropriate for all the reasons already set forth in Appellees' Answer Brief. Nevertheless, Appellees give notice of two aspects of the new statute that serve *to further confirm* that affirmance is warranted:

      First, subsection (6)(a)(1) specifies that in postjudgment execution proceedings such as these, "[t]here is no right to a jury trial under s. 56.18 or s.77.08[.]" This negates Appellants' argument (Appellants' Br. at 19, 56) that Florida law "entitles" them to a jury trial.

      Second, subsection 6(a)(2) states: "A defendant or a person may not use the resources of the courts of this state in furtherance of a defense or objection to postjudgment collection proceedings if the defendant or person purposely leaves the jurisdiction of this state or the United States, declines to enter or reenter this state or the United States to submit to its jurisdiction, or otherwise evades the jurisdiction of the court in which a criminal case is pending against the defendant or person. This subparagraph applies to any entity that is owned or controlled by a person to whom this paragraph applies." This applies to Appellant Lopez—whom this Court has already determined to be a fugitive, *Stansell v. Revolutionary Forces of Colombia*, 45 F.4th 1340, 1348 (11th Cir. 2022)—as well as to the corporate Appellants, each of which Lopez has conceded he owns or controls. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146 (11th Cir. 2023) (Florida statute referencing "courts of this state" applies to federal court); Appellees' Answer Br. at 52 n.20. The net effect is that the new statute forecloses this appeal.

                                                    Sincerely,
                                                    /s/ Richard B. Rosenthal  (Counsel for Appellees)

*Word Count*:   349 words