THE LAW OFFICES OF
## RICHARD B. ROSENTHAL, P.A.
rbr@rosenthalappeals.com

MIAMI OFFICE                                    SAN FRANCISCO OFFICE
1581 BRICKELL AVENUE                            5080 PARADISE DRIVE
SUITE 1408                                      BAYFRONT SUITE
MIAMI, FLORIDA 33129                            TIBURON, CALIFORNIA 94920

January 27, 2024

David J. Smith, Clerk of Court                  **FILED & SERVED VIA CM/ECF**
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Re:     *Stansell v. Lopez*, No.22-13798; Appellees' Resp. to Appellants' 1/26/2024 28(j) Letter

Dear Mr. Smith:

This Court typically frowns on sandbagging. At oral argument three days ago, Appellants' counsel used his rebuttal time to make three wholly new arguments, never advanced in either the district court or in Appellants' appellate briefs, nor even in Appellants' initial time at the podium:

First, during rebuttal time, Appellants stated that, if this Court remands, Lopez would appear for deposition—under certain conditions—but Lopez made no such offer in his appellate briefs, and he squarely took the opposite position below. R-531-4; R-532-1 at 4. Remanding to give Lopez a *third* chance to appear at deposition would *reward* him for his past noncompliance— not in any way *sanction* him. *See* Fed.R.Civ.P. 37(d).

Second, during rebuttal time, Appellants—for the first time ever—proposed some alternative sanction to the one the district court imposed. Namely: they proposed the FDD holding be retracted and 33 weeks be afforded to prepare for trial. Putting aside the obvious reality that this is not a sanction—it's Appellants' wish list—the fact remains: in their appellate briefs, while asserting that the district court *abused its discretion* by not fashioning some lesser sanction, Appellants hypothesized no lesser sanction.

Third, having failed to respond to the Rule 28(j) letter we submitted seven months ago (on 6/20/23), and having not uttered one word about Florida Statutes §772.13(6) during counsel's initial oral argument time at the podium, during rebuttal time he asserted arguments against that statute. Yesterday, two days after oral argument, Appellants compounded their sandbag by submitting a Rule 28(j) letter with arguments and citations about the statute, and expressing a "willing[ness] to provide additional briefing if requested." All of this should have occurred seven months ago, as Rule 28(j) required that any response to our 6/20/23 letter be made "promptly." Moreover, if Appellants wished to challenge the statute's constitutionality in this appeal, they were required to notify Florida's Attorney General. §86.091, Fla.Stat.; Fed.R.Civ.P. 5.1(a). They didn't.

We hope this Court will not countenance and reward these sandbag tactics, just as it should not reward Appellants for their willful violations of the district court's orders below.

Sincerely,
/s/ Richard B. Rosenthal  (Counsel for Appellees)

*Word Count*:   350 words