# THE LAW OFFICES OF
## RICHARD B. ROSENTHAL, P.A.
rbr@rosenthalappeals.com

<table>
<tr><td>

MIAMI OFFICE
1581 BRICKELL AVENUE
SUITE 1408
MIAMI, FLORIDA 33129

</td><td>

SAN FRANCISCO OFFICE
5080 PARADISE DRIVE
BAYFRONT SUITE
TIBURON, CALIFORNIA 94920

</td></tr>
</table>

April 9, 2024

David J. Smith, Clerk of Court        **FILED & SERVED VIA CM/ECF**
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Re:   *Stansell v. Lopez*, No.22-13798; Appellees' Resp. to Appellants' 4/8/2024 28(j) Letter

Dear Mr. Smith:

*Marron v. Moros,* No. 21-23190-CIV-MORENO (S.D. Fla. Mar. 21, 2024), does not alter the reality that this Court should affirm:

<u>*First*</u>, as we noted previously, the fugitive disentitlement doctrine—whether statutory and/or common law—is an irrelevant sideshow. The most direct and straightforward basis for affirmance is Judge Scola did not abuse his discretion by defaulting Appellants under Rule 37, where no lesser penalty would have sufficed, and where Appellants *have never even proposed one*.

<u>*Second*</u>, as first noted in our January 27, 2024 responsive letter to this Court, Appellants' citation to *Marron* compounds their prior sandbag tactics. Appellants failed to respond to the June 20, 2023 letter we submitted, and mentioned Florida Statutes §772.13(6) only during rebuttal time. Now they have filed two post-argument letters regarding that statute. Rule 28(j) required any response to our 6/20/23 letter be made "promptly." Appellants' noncompliance constitutes waiver.

<u>*Third*</u>, if *Marron* (or *Caballero*) are considered at all, those rulings mis-analyzed the issue. Both purported to apply the constitutional avoidance canon to conclude §772.13(6) inapplicable to TRIA actions seeking collections from an agency or instrumentality of a terrorist party. Interpreting the statute that way impermissibly rewrites the statute. It would render nugatory the statutory language itself; the statute expressly applies to "*any* postjudgment execution proceedings to enforce a judgment entered under … 18 U.S.C. s.2333" (emphasis added). *Marron* and *Caballero* also contravene this Court's 2014 *Stansell* decision, 771 F.3d 713, 744 (11th Cir. 2014) ("TRIA § 201 permits *execution* against the assets of parties not named in the original lawsuit; that is the purpose of the specific allowance for *execution* against agencies or instrumentalities[.]") (emphases added); *Havlish v 650 Fifth Ave Co.*, 934 F.3d 174, 184 (2d Cir. 2019) ("A TRIA § 201 claim is not a suit for a judgment, but rather one to enforce a judgment already obtained.").

<u>*Fourth*</u>, Appellants selectively notify about *Marron*. They do not mention they recently filed a (baseless) mandamus petition, No. 24-10503, after refusing to turn over any documents. As in our case, Appellants want to set their own preconditions before complying with court orders.

Sincerely,
/s/ Richard B. Rosenthal   (Counsel for Appellees)

*Word Count*:   348 words